FILED
SUPERIOR COURT
OF GUAM

2026 JUL 22 AM 11: 24

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION<br><br>OF<br><br>ANTHONY STEVEN COVER,<br><br>Petitioner. | SPECIAL PROCEEDINGS NO. SP0031-25<br><br>DECISION AND ORDER DENYING AMENDED PETITION TO EXPUNGE RECORDS |

This matter came before the Honorable Dana A. Gutierrez on an Amended Petition to Expunge Records ("Amended Petition") filed by Petitioner Anthony Steven Cover ("Petitioner"). On March 26, 2026, the Court held a hearing on the Amended Petition. Present at the hearing was Attorney William Gavras on behalf of Petitioner. The Office of the Attorney General ("OAG") did not appear at the hearing.[1] Upon review of the record, arguments of counsel, and applicable law, the Court hereby issues this Decision and Order.

## BACKGROUND

On January 22, 2016, the OAG filed a Magistrate's Complaint ("Complaint") in Superior Court of Guam Criminal Case No. CM0046-16 ("CM0046-16") charging Petitioner with one count of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). The OAG alleged that Petitioner intentionally touched the buttocks of the complaining witness using force or coercion, in violation

---

[1] The Amended Notice of Rescheduled Hearing for the hearing on the Amended Petition was served on both Attorney Gavras and the OAG. *See* Amended Notice of Rescheduled Hearing (Feb. 18, 2026).

of 9 Guam Code Annotated ("GCA") §§ 25.30(a)(1) and (b). *See* Am. Pet. at 1 (Jul. 18, 2025); *see also id* at Ex. A.[2]

The Complaint was supported by a declaration from Assistant Attorney General Nicole D. Driscoll, who averred that Guam Police Department officers responded to the Beach Bar in Tumon at approximately 1:23 a.m. on January 22, 2016, and that the complaining witness reported that Petitioner had grabbed her buttocks as he walked behind her inside the bar. *See id* at Ex. A.

Following the filing of the Complaint, the matter proceeded toward resolution. On July 12, 2016, at a change of plea hearing, Petitioner entered a guilty plea to Harassment (As a Petty Misdemeanor), a lesser included offense to the original charge. *See id* at Ex. B.[3]

In conjunction with accepting Petitioner's plea, the court's judgment granted the OAG's motion to dismiss "any and all remaining charges," including the misdemeanor Fourth Degree Criminal Sexual Conduct charge. *Id* at Ex. A. The court sentenced Petitioner in accordance with the plea agreement. *See id* at Ex. B. After Petitioner completed all terms of probation, the court entered an order on July 13, 2017, closing the criminal case. *See id.* at Ex. C.[4]

On June 9, 2025, Petitioner filed the Amended Petition, seeking expungement of all official records related to his original arrest for Fourth Degree Criminal Sexual Conduct and arguing that the government's dismissal of that charge constituted a "deci[sion] not to prosecute" under 8 GCA § 11.10(a).

---

[2] Exhibit A to the Amended Petition is the Magistrate's Complaint for the charge of Fourth Degree Criminal Sexual Conduct against Petitioner in CM0046-16.

[3] Exhibit B to the Amended Petition includes the Judgment Pursuant to Offer Letter and The Offer Letter from the OAG.

[4] Exhibit C to the Amended Petition is the Order for Closure in CM0046-16.

## DISCUSSION

Petitioner argues that he is entitled to expungement of records reflecting his arrest for Fourth Degree Criminal Sexual Conduct because that charge was dismissed as part of the plea agreement. Petitioner reasons that the OAG thereby made a "deci[sion] not to prosecute" him for Fourth Degree Criminal Sexual Conduct. Under 8 GCA § 11.10(a), "[t]he official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation . . . shall be expunged . . . when the prosecuting attorney decides not to prosecute the offense." 8 GCA § 11.10(a). Petitioner asserts that the statutory language mandates expungement when the government elects not to prosecute an offense, and that the plain text leaves no room for an alternative interpretation. Am. Pet. at 3. Petitioner further contends that his guilty plea to the lesser offense of Harassment prohibits the continued dissemination of records indicating he was originally arrested for Fourth Degree Criminal Sexual Conduct, because 8 GCA § 11.11 requires expunged records to be sealed and their existence denied to anyone not authorized to access them. *Id.*

Petitioner cites to *United States v. Jacobo-Zavala*, 241 F.3d 1009 (8th Cir. 2001), 241 F.3d 1009 (8th Cir. 2001), and *United States v. Saena Tech Corporation,* 140 F.Supp.3d 11 (D.D.C. 2015), to support his interpretation that plea agreements are decisions not to prosecute. However, the court finds that both cases are distinguishable here because neither analyzes whether a decision not to prosecute bears on eligibility for expungement. In *Jacobo-Zavala*, the federal prosecutor sought to dismiss federal charges if the defendant agreed to plead guilty to state charges in Nebraska. 241 F.3d at 1011. The trial court refused to grant leave of court for the federal prosecutor to dismiss. *Id.* The Eighth Circuit reversed the trial court judgment because, in the trial court's

3

view, this would be inconsistent with the "public interest." *Id.* The Eighth Circuit deemed this an abuse of discretion, concluding that in the absence of bad faith or improper motive, federal courts cannot refuse leave of court on this basis, emphasizing that "the prosecutor, and not the district court . . ., is primarily responsible for balancing public and individual interests in determining who should be prosecuted." *Jacobo-Zavala*, 241 F.3d at 1012-1013. *Jacobo-Zavala* therefore stands for the limited proposition that the prosecutor, and not the trial court, has discretion to decide whether a prosecution should be dismissed. The case simply does not address the question of whether pleading guilty to a lesser-included offense operates as a decision not to prosecute for purposes of expungement.

Similarly, *Saena Tech* vindicates the prosecutor's discretion to decide to offer a deferred prosecution agreement to allow flexibility to not prosecute if the defendant shows good conduct. *Saena Tech* involved the propriety of a deferred prosecution agreement for a corporate defendant, rather than a human defendant. *See* 140 F. Supp. 3d at 13. The court noted that such agreements allow "the government [to] intend[] to prosecute a defendant . . . but decide[] that the defendant is worthy of a chance at rehabilitation . . . ." *Id. Saena Tech* therefore stands for the limited proposition that the prosecutor has tools to offer different sorts of plea agreements. But like *Jacobo-Zavala*, the case is silent as to whether pleading guilty to a lesser-included offense operates as a decision not to prosecute for purposes of expungement.

On the other hand, in cases addressing more squarely the issue presented here, other courts have concluded that the dismissal of a charge through a plea agreement does not give rise to a right to expungement. *See, e.g., Com. v. Kaler*, No. 13 MDA 2015, 2015 WL 6689248, at *2 (Pa. Super. Ct. Aug. 18, 2015) ("Where the Commonwealth agrees to dismiss charges as part of a negotiated

plea agreement in exchange for a guilty plea, a defendant is generally not entitled to expungement of the dismissed charges.") (citation omitted); *Rashad v. Commonwealth*, No. 2017-CA-000628-MR, 2018 WL 4381551, at *2 (Ky. Ct. App. Sept. 14, 2018) ("[Kentucky law] clearly provides that the offense may not be dismissed as part of a plea agreement in order to qualify for expungement thereunder.").

Moreover, other courts of the Superior Court of Guam have reached a similar conclusion. *See In the Matter of Aguon*, Special Proceedings No. SP0217-16 (Decision & Order, at 2-3 (Aug. 21, 2017)) (Presiding Judge Lamorena holding, where the prosecutor agreed to dismiss the remaining charge pursuant to the plea agreement, "it is incorrect to characterize these actions as the government deciding not to prosecute the offense."); *In the Matter of Borja*, Special Proceedings No. SP0010-14 (Decision and Order at 2 (Mar. 31, 2014)) (Judge Perez holding "by entering into a plea agreement with the Government, Defendant cannot now argue that the prosecutor decided not to prosecute the offense."); *see also In re Pangelinan*, Special Proceedings No. SP0114-21 (Decision and Order at 5 (Mar. 10, 2022)) (this Court following *Aguon* and *Borja*).

In this case, the prosecuting attorney decided to prosecute the case through the filing of the Complaint and the charging of Petitioner with Fourth Degree Criminal Sexual Conduct. However, the prosecution did not lead to a conviction for Fourth Degree Criminal Sexual Conduct, but rather, through plea negotiation, the prosecution resulted in dismissal of that criminal charge through a written plea agreement executed by the parties, submitted to the court, and subsequently approved. Under these circumstances, the dismissal of that charge does not constitute a "deci[sion] not to prosecute the offense" within the meaning of 8 GCA § 11.10(a). Therefore, the fact that the charge

of Fourth Degree Criminal Sexual Conduct was dismissed as part of a plea agreement with the government does not compel expungement of Petitioner's record relating to this charge.

## CONCLUSION

For the foregoing reasons, the Amended Petition is **DENIED**.

**SO ORDERED** this 22nd day of July, 2026.

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

SERVICE VIA-EMAIL

I acknowledge that an electronic copy
of the original was e-mailed to:

WILLIAM GAVRAS

Date: JUL 2 2 2026  Time: 11:49 AM

Edna M. Nego
Deputy Clerk, Superior Court of Guam

6